**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| TONYA GAMBINO, *individually and on behalf of all others similarly situated,* | |
|       Plaintiff, | |
| | Civil Action No.: 2:24-cv-00146 |
| v. | |
| BERRY, DUNN, MCNEIL & PARKER, LLC, | |
|       Defendant. | |
| MICHAEL MEYERSON, *individually and on behalf of all others similarly situated,* | |
|       Plaintiff, | |
| | Civil Action No.: 2:24-cv-00147 |
| v. | |
| BERRY, DUNN, MCNEIL & PARKER, LLC, | |
|       Defendant. | |
| LAURA RUSSELL, *individually and on behalf of all others similarly situated,* | |
|       Plaintiff, | |
| | Civil Action No.: 2:24-cv-00148 |
| v. | |
| BERRY, DUNN, MCNEIL & PARKER, LLC, | |
|       Defendant. | |

| | |
|---|---|
| LARRY DAVIS, *individually and on behalf of all others similarly situated,*<br><br>  Plaintiff,<br><br>  v.<br><br>BERRY, DUNN, MCNEIL & PARKER, LLC,<br><br>  Defendant. | Civil Action No.: 2:24-cv-00149 |
| ROBERT HICKMAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>BERRY, DUNN, MCNEIL & PARKER, LLC,<br><br>  Defendant. | Civil Action No.: 2:24-cv-00150 |
| VIRGINIA DEMEL-DUFF, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>BERRY, DUNN, MCNEIL & PARKER, LLC,<br><br>  Defendant. | Civil Action No.: 2:24-cv-00151 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CLASS COUNSEL

## I. INTRODUCTION

Pending before the Court are six separately filed, but related, cases against Defendant Berry, Dunn, McNeil & Parker, LLC ("BerryDunn" or "Defendant"): *Gambino v. Berry, Dunn,*

*McNeil & Parker, LLC*, Case No. 2:24-cv-146 ("*Gambino*"); *Meyerson v. Berry, Dunn, McNeil & Parker, LLC*, Case No. 2:24-cv-147 ("*Meyerson*"); *Russell v. Berry, Dunn, McNeil & Parker, LLC*, Case No. 2:24-cv-148 ("*Russell*"); *Davis v. Berry, Dunn, McNeil & Parker, LLC*, Case No. 2:24-cv-149 ("*Davis*"); *Hickman v. Berry, Dunn, McNeil & Parker, LLC*, Case No. 2:24-cv-150 ("*Hickman*"); and *Demel-Duff v. Berry, Dunn, McNeil & Parker, LLC*, Case No. 2:24-cv-151 ("*Demel-Duff*") (together, the "Related Actions"). Consolidation of the Related Actions under Federal Rule of Civil Procedure 42(a)(2) is appropriate because the Related Actions involve common parties (*i.e.*, the same defendant) and allege similar facts and legal claims arising from the recent data security incident impacting Plaintiffs and putative class members (the "Data Breach"), which is the subject of the Related Actions. Consolidation will also enable this Court to conduct proceedings in one combined action, ensuring that the Related Actions are adjudicated efficiently and avoiding unnecessary duplication of pre-trial proceedings, the risk of inconsistent adjudications, and duplicative discovery. Consolidation will not prejudice any party, as the Related Actions are in their infancy—each remains in the initial pleadings stage, and no responses have been filed to any complaint in the Related Actions. Plaintiffs therefore respectfully request that this Court enter the proposed order submitted herewith consolidating the Class Actions for all purposes, including discovery and trial.

Plaintiffs also request, pursuant to Fed. R. Civ. P. 23(g), the appointment of Mason A. Barney of Siri & Glimstad LLP, Bryan Bleichner of Chestnut Cambronne, P.A., and Jeff Ostrow of Kopelowitz Ostrow, P.A. as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Counsel"), and Daniel Srourian of Srourian Law Firm, P.C. and Brooke Murphy of Murphy Law Firm as members of the Executive Committee (with Proposed Interim Co-Lead Counsel and Executive Committee to be collectively referred to herein as "Interim Class Counsel") to lead this

litigation and help assure the orderly prosecution of the eventual consolidated action.

## II.    CONSOLIDATION IS APPROPRIATE.

Consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the Related Actions involve common parties and similar issues of law and fact. First, Defendant named as a defendant in each of the Related Actions. Second, the putative class representatives can represent the range of persons who were impacted by the Data Breach. Third, the Related Actions arise out of the same circumstances—Defendant's alleged failure to maintain reasonable and adequate security measures to safeguard the highly sensitive personal information ("PII") of Plaintiffs and putative class members, which was entrusted to Defendant by its clients and subsequently compromised as a result of the Data Breach. Finally, Plaintiffs bring similar legal claims, each alleging claims for negligence, negligence *per se*, unjust enrichment, and breach of fiduciary duty.

As the table below demonstrates, the Related Actions also propose substantially similar classes:

| Case | Proposed Class(es)[1] |
|---|---|
| *Gambino* | All individuals in the United States who had Private Information accessed and/or acquired as a result of the Data Breach, including all who were sent a notice of the Data Breach.<br><br>(*Gambino* Complaint, ECF No. 1 ¶ 106) |
| *Meyerson* | All persons residing in the United States whose PII was compromised during the Data Breach that is the subject of the Notice of Data Breach published by Defendant on or about April 29, 2024.<br><br>(*Meyerson* Complaint, ECF No. 1 ¶ 97) |
| *Russell* | All persons residing in the United States whose PII |

---

[1] Should consolidation occur, Plaintiffs' Counsel intend to agree on a single class definition (or set of class definitions) to be included in a consolidated class action complaint.

| Case | Proposed Class(es)[1] |
|------|------------------------|
| | was compromised during the Data Breach that is the subject of the Notice of Data Breach published by Defendant on or about April 29, 2024.<br><br>(*Russell* Complaint, ECF No. 1 ¶ 97) |
| *Davis* | All persons residing in the United States whose PII was compromised during the Data Breach that is the subject of the Notice of Data Breach published by Defendant on or about April 29, 2024.<br><br>(*Davis* Complaint, ECF No. 1 ¶ 97) |
| *Hickman* | All individuals within the United States of America whose PII was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on September 14, 2023.<br><br>(*Hickman* Complaint, ECF No. 1 ¶ 36) |
| *Demel- Duff* | All persons residing in the United States whose Personal Information was compromised as a result of the Data Breach.<br><br>(*Demel-Duff* Complaint, ECF No. 1 ¶ 79) |

Under the Federal Rules of Civil Procedure, courts may consolidate two or more related actions, where, as here, the actions involve at least one common question of law or fact. *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *see also Cottage Advisors, LLC v. KBS Bldg. Sys.*, 2012 U.S. Dist. LEXIS 164631, at *2 (D. Me. Nov. 16, 2012) ("The threshold issue is whether the [] proceedings involve a common party and common issues of fact of law... [a] motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'") (citations omitted).

The First Circuit similarly observed that, in evaluating a motion to consolidate, the court first determines "whether the two proceedings involve a common party or common issues of fact

or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* A court's second inquiry turns on determining "the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense, and 'any confusion, delay, or prejudice that may result from consolidation.'" *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 102 (D. Mass. 2001). Class actions are "particularly well-suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *See Carr v. Analogic Corp.*, Nos. 18-cv-11301-ADB; 18-cv-11557-ADB, 2018 WL 4932858, at *1 (D. Mass. Oct. 10, 2018) (quoting *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368-LHK, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014)); *see also Cottage Advisors*, 2012 U.S. Dist. LEXIS 164631, at *4-5 (granting consolidation related actions and observing that "the costs and benefits of consolidation outweigh any concerns of confusion of the jury or any prejudice to the [p]laintiff."). For the reasons described below, consolidation is appropriate here.

### A.    The Related Actions Involve Common Parties.

Here, the threshold question of "common parties" is easily answered in the affirmative. Each of the Related Actions name the same Defendant. In addition, the proposed classes in the Related Actions include individuals whose PII was impacted by the Data Breach, which Plaintiffs allege resulted from Defendant's unlawful conduct.

### B.    The Related Actions Allege Common Legal Claims and Facts.

Besides common parties, the Related Actions allege common facts and legal claims. As is

clear on the face of the complaints, the claims arise out of the same set of operative facts: Defendant's acts and omissions permitted unauthorized criminal actor(s) to gain access to the Plaintiffs' and putative class members' PII. Furthermore, the Related Actions allege similar damages arising out of Defendant's failure to implement reasonable data security and monitoring practices. In addition, each of the Related Actions allege claims for negligence, negligence *per se*, breach of fiduciary duty, and unjust enrichment (among other claims).

### C.     Consolidation Will Be More Convenient for the Parties, Will Promote Judicial Economy, and Save Resources.

Consolidation of these substantively identical Related Actions will promote convenience for the parties, judicial economy, and will save time, effort, and expense. Consolidation will also avoid the confusion, delay, and potential prejudice that might result if the Related Actions proceed separately. The Related Actions are in their early stages. Neither discovery nor class certification proceedings have yet commenced. But even at this early stage, it is clear the Related Actions will require many of the same documents and witnesses, given the overlapping factual allegations and legal claims within the complaints, which further favors consolidation. *See Americus Mortg. Corp. v. Mark*, No. 12-10158-GAO, 2013 WL 3106018, at *13 (D. Mass. June 17, 2013) (finding consolidation warranted because "it avoids conducting duplicate hearings and duplicate discovery").

Finally, consolidation will neither inconvenience the parties nor delay the proceedings. Rather, consolidation will promote convenience and judicial economy for the parties and non-parties alike. Consolidation will also avoid confusion among absent putative class members. The facts and circumstances here warrant consolidation.

## III.    THE COURT SHOULD APPOINT INTERIM CLASS COUNSEL

Federal Rule of Civil Procedure 23(g)(2)(A) provides that "[t]he court may designate

interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." *Carrier v. Am. Bankers Life Assur. Co.*, 2006 U.S. Dist. LEXIS 76346, at *1-2 (D.N.H. Oct. 19, 2006).

The appointment of Proposed Interim Class Counsel at this stage in this putative class action litigation is in the best interests of the parties, the putative Class, and the Court, as it will help "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Federal Judicial Center, *Manual For Complex Litigation* ("MCL") § 21.11, at 246 (4th ed. 2004); *see also* Fed. R. Civ. P. 23(g)(3), 2003 Advisory Committee Notes for Rule 23(g); *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 05-1717 (D. Del. Apr. 18, 2006) ("The most common approach to the selection of class counsel is private ordering, in which Plaintiffs' Counsel agree on which of them should serve as class counsel").

In short, the appointment of Proposed Interim Class Counsel will provide efficiencies to the parties and the Court and will avoid uncertainty and confusion regarding who may speak for the putative Class. This is of particular importance as the parties begin to discuss topics such as discovery and potential resolution of the Class Actions. With these goals and considerations in mind, Plaintiffs request that the Court appoint Mason A. Barney of Siri & Glimstad LLP, Bryan L. Bleichner of Chestnut Cambronne, P.A., and Jeff Ostrow of Kopelowitz Ostrow, P.A. as Interim Co-Lead Class Counsel, and Daniel Srourian of Srourian Law Firm, P.C. and Brooke Murphy of Murphy Law Firm as members of the Executive Committee. In appointing lead counsel, a court should "conduct an independent review to ensure that counsel appointed to lead roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and

8

that their charges will be reasonable." MCL § 10.22. Federal Rule of Civil Procedure 23(g) states four factors that courts should look to in selecting interim class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Proposed Interim Class Counsel's fitness for this role is demonstrated by their commitment of all the necessary and appropriate time and resources to prosecuting this matter at the highest level of professionalism and efficiency, their extraordinary experience, their knowledge of applicable law, and their possession of resources needed to successfully advance this litigation and adequately represent the class. The Rule also contemplates that the court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(l)(B).

Analysis of the relevant factors shows that Proposed Interim Class Counsel are well suited to serve as leadership counsel in this matter. Proposed Interim Class Counsel have many years of experience litigating consumer class actions in general and data breach class actions in particular. Their knowledge of the relevant law is superior. They have committed and will continue to commit extensive resources to the efficient but thorough litigation of this matter.

### A. The Work That Proposed Interim Class Counsel Have Already Done Supports Their Appointment.

Federal Rule of Civil Procedure 23 (g)(1)(A)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Class Counsel have invested significant time in this case, including pre-filing investigation, research of the potential claims, drafting of the complaints, and litigating the case once it was filed. Indeed, before filing the instant Class Actions,

9

Proposed Interim Class Counsel performed extensive investigation and legal research regarding the potential claims in the Related Actions and the underlying facts. They have demonstrated the ability to work cooperatively with others, including other attorneys for Plaintiffs, and intend to implement protocols to ensure the efficient, non-duplicative, and cost-effective prosecution of this matter.

Proposed Interim Class Counsel have committed substantial time and resources to organizing and working together toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this litigation. These actions demonstrate counsel's willingness and ability to prosecute the Related Actions on behalf of the putative Class to the fullest extent possible. Proposed Interim Class Counsel are familiar with the facts and legal issues in this matter and intend to continue their efficient pursuit of the claims on behalf of Plaintiffs and the putative Class. They have applied their extensive experience in class litigation, including data breach cases, to the advancement and development of Plaintiffs' and the putative Class's rights.

Proposed Interim Class Counsel's work to date includes several significant tasks:

**First,** Proposed Interim Class Counsel independently investigated the facts and circumstances surrounding the Data Breach, including, *inter alia*, the cause thereof, Defendant's public statements regarding the events surrounding the Data Breach, other media commentary, and consumer experiences concerning information compromised in the Breach.

**Second,** Proposed Interim Class Counsel devoted extensive time to researching the relevant law, and applying their experience, to prepare detailed complaints.

**Third**, Proposed Interim Class Counsel filed the first lawsuits against Defendant related to

the Data Breach. They also assisted in preparing this joint motion and worked cooperatively with all counsel to finalize it.

**Fourth**, Proposed Interim Class Counsel have spent significant time speaking with and interviewing class members who have contacted them, expressed interest in the case, and sought more information about the case and the underlying Data Breach.

Proposed Interim Class Counsel will continue to expend all the time and resources necessary to advocate for Plaintiffs and the putative Class.

> **B.    Proposed Interim Co-Lead Class Counsel's Experience in Handling Class Actions and Other Complex Litigation Supports Their Appointment as Interim Class Counsel.**

Federal Rule of Civil Procedure 23(g)(1)(A)(ii) directs the Court to consider proposed class counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action." Similarly, Fed. R. Civ. P. 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case. Proposed Interim Co-Lead Counsel will formulate (in consultation with other counsel, including members of the Executive Committee) and present positions on substantive and procedural issues during the litigation. *See* MCL § 10.221 ("Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

Data breach cases bring their own set of challenges, and litigating them often entails extensive factual discovery, retention of multiple experts, and a background knowledge in the technology of cybersecurity. Recurring issues of class certification, damages, and injunctive relief

require counsel well-versed in this practice area who have achieved legal rulings that facilitate prosecution. Proposed Interim Co-Lead Counsel have developed knowledge in this area and these topics through years of experience.

Plaintiffs propose that the Court designate Mason A. Barney of Siri & Glimstad LLP, Bryan L. Bleichner of Chestnut Cambronne, P.A., and Jeff Ostrow of Kopelowitz Ostrow, P.A. as Interim Co-Lead Class Counsel. As the following indicates, Proposed Interim Co-Lead Counsel have decades of substantial experience prosecuting complex class action litigation on behalf of a wide variety of plaintiffs in a wide range of complex litigation, including large data breach and other privacy actions.

### **Proposed Interim Co-Lead Counsel**

#### *Mason A. Barney, Siri & Glimstad LLP*

Mr. Barney is a partner at Siri & Glimstad with over seventeen (17) years of experience in complex litigation. Mr. Barney was recently involved in a class action alleging violations of the Telephone Consumer Protection Act ("TCPA") which resulted in a settlement of $25,000,000 (plus free satellite radio service) to a potential class of over 14 million customers (*Buchanan v. Sirius XM Radio, Inc.*, Case No. 3:17-cv-00728 (N.D. Tex.)).  Mr. Barney was also trial co-counsel for plaintiffs in an ERISA matter filed as a class action involving breaches of fiduciary duty related to the management and termination of an ESOP, which settled after the beginning of trial for $1,080,000 for the Class (*Kindle v. Dejana*, No. 14-cv-06784 (E.D.N.Y.).

Mr. Barney has also served in leadership positions and as class counsel in numerous data breach and privacy matters, including having been recently appointed class counsel in *Carter, et al. v. Vivendi Ticketing US LLC d/b/a See Tickets*, No. 8:22-cv-01981 (C.D. Cal.), which received final approval for a settlement involving 437,310 class members and a $3,000,000 non-

12

reversionary settlement fund; *Gilleo et al. v. California Pizza Kitchen, Inc.*, No. 8:2021-cv-01928-DOC-KES (C.D. Cal.), which settled with over $2,000,000 of relief going to the class members; *Armstrong et al. v. Gas South, LLC*, Civil Action No. 22106661 (Sup. Ct. Cobb Cty., Ga.) which received final approval for a settlement involving 38,671 class members and valued at over $9 million; *Medina v. Albertsons Companies, Inc.*, Case No. 1:23-cv-00480 (D. Del.), which received final approval for a settlement involving 33,000 class members and a $750,000 non-reversionary settlement fund; and *In re Sovos Compliance Data Security Incident Litigation*, Case No. 1:23-cv-12100-AK, which received preliminary approval for a settlement involving roughly half a million class members and a $3,534,128.50 non-reversionary settlement fund).

Additionally, Mr. Barney is currently serving as interim class counsel in a number of other data breach actions, including but not limited to, *Perez v. Carvin Wilson Software LLC*, Case No. cv-23-00792 (D. Ariz.), *Nulf v. Alvaria, Inc., et al.*, Case No. 1:23-cv-10999 (D. Mass.), *Rasmussen et al. v. Uintah Basin Healthcare*, Case No. 2:23-cv-00322 (D. Ut.), *Skurauskis, et al. v. NationsBenefits Holdings, LLC, et al.*, Case No. 0:23-cv-60830 (S.D. Fl.), *In re Family Vision Data Security Incident Litigation*, Case No. 2023CP0401671 (S.C., County of Anderson), *In re Data Security Litigation Against Brightline, Inc.*, Case No. 3:23-cv-02132, *In re: Vivendi Ticketing US LLC, d/b/a See Tickets Data Security Incident*, Case No. 2:23-cv-07498 (C.D. Cal.), *In re DISH Network Data Security Incident Litigation*, Case No. 1:23-cv-01168 (D. Colo.), *In re Sovos Compliance Data Security Incident Litigation*, Case No. 1:23-cv-12100 (D. Mass.), *Boudreaux v. Systems East, Inc.*, Case No. 5:23-cv-01498 (N.D.N.Y.), and *Scott et al v. Union Bank and Trust Company*, Case No. 4:23-cv-03126 (D. Neb.) (the court commenting that "proposed interim co-lead counsel are experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting cases involving data security and privacy, notable

13

successes against large corporate Defendant, and resources they are willing to expend to litigate these cases").

Mr. Barney holds an undergraduate degree in Computer Science and, after college, served as a database programmer for three years, giving him additional insight and knowledge into the highly complex issues that arise in data breach litigation. He has also published articles concerning data privacy and cyber security issues in leading publications such as Inc. Magazine, Bloomberg BNA, and Inside Counsel Magazine. Further details about Mr. Barney, as well as Siri & Glimstad's class action group, are included in the firm resume submitted herewith as **Exhibit A**.

### *Bryan Bleichner, Chestnut Cambronne, P.A.*

Bryan L. Bleichner is a shareholder at Chestnut Cambronne PA, an officer of the Antitrust Section of the National Federal Bar Association, a featured speaker at the National American Bar Association, and a current member of the Sedona Conference Working Group Series. Mr. Bleichner has extensive experience serving as leadership or class counsel in numerous class action data breach cases including: *Jones v. ESO Solutions, Inc.*, Case No. 1:23-cv-01557 (W.D. Tex.); *In re Ortholaska Data Breach Litigation*, No. 3:23-cv-00242 (D. Ala.); *In re DISH Network Data Breach Security Litigation*, Case No. 1:23-cv-01168 (D.Col.); *In re Whitworth Data Breach Security Litigation*, Case No. 2:23-cv-00179-SAB (E.D. Wash.); *In re R&B Corporation of Virginia d/b/a Credit Control Corporation*, Case No. 4:23-cv-00066-JKW-RJK (E.D. Va.); *In Re: Group Health Plan Litig.*, Case No. 23-cv-267-JWB/DJF (D. Minn.): *Rasmussen, et al., v. Uintah Basin Healthcare*, Case No. 23-cv-00322-HCN-CMR (D. Ut.); *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210, (D. Minn.); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275-RAR (S.D. Fla.); *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.); *In*

14

*re Herff Jones Data Security Breach Litigation*, No. 1:21-cv-01329-TWP-DLP (S.D. Ind.); *In re EyeMed Vision Care, LLC Data Security Breach Litigation*, No. 1:21-cv-00036-DRC (S.D. Ohio); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio); *Greenstate Credit Union v. Hy-Vee, Inc*., No. 20-621-DSD-DTS (D. Minn.); *Village Bank v. Caribou Coffee Co., Inc.*, No. 0:19-cv-01640 (D. Minn.); *In re WaWa, Inc. Data Security Litigation*, No. 19-cv-6019-GEKP (E.D. Pa.); *In re Equifax, Inc., Customer Data Security Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.); *Midwest American Federal Credit Union v. Arby's Restaurant Group, Inc.*, No. 17-cv-00514-AT (N.D. Ga.); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102 (D. Colo); *First Choice Fed. Credit Union v. The Wendy's Company*, No. 2:16-cv-00506 (W.D. Pa.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (TWT) (N.D. Ga.); and *In re Target Corporation Customer Data Security Breach Litigation*, No. 0:14-md-02522-PAM-JJK (D. Minn.); *Lutz v. Electromed, Inc.*, No. 70-CV-21-11814 (D. Minn.); *Thomas v. Pawn America Minnesota, LLC*, No. 0:21-cv-02554 (D. Minn.); *Seabrian v. St. Joseph's/Candler Health System, Inc.*, No. STCV21-01652 (State Court of Chatham County, Georgia).

Mr. Bleichner also has experience serving as leadership or class counsel in non-data-breach class actions, including: *Walker v. Nautilus, Inc.*, No. 20-cv-3414-EAS-EPD (S.D. Ohio); *Maura Howard v. Life Time Fitness, Inc*., No. 27-cv-20-10513 (Minn. 2020); *Barclay v. Icon Health & Fitness, Inc.*, No. 19-cv-02970-ECT-DTS (D. Minn.); *In re Resideo Technologies, Inc. Securities Litigation*, No. 19-cv-02863-WMW-KMM (D. Minn.); *In re Pork Antitrust Litigation*., No. 18-cv-1776-JRT-HB (D. Minn.); *In re DPP Beef Litigation*, No. 20-cv-1319-JRT/HB (D. Minn.); *James Bruner v. Polaris Industries Inc.*, No. 18-cv-00939-WMW-DTS (D. Minn.); *In re FedLoan Student*

*Loan Servicing Litigation*, No. 2:18-md-02833-CDJ (E.D. Pa.); *Marie Travis v. Navient Corp.*, No. 17-cv-04885-JFB-GRB (E.D.N.Y.); *Delamarter v. Supercuts, Inc.*, No. 19-3158-DSD-TNL (D. Minn.); and *Christian v. National Hockey League*, No. 0:14-md-02551-SRN-JSM (D. Minn.). Additional information regarding Mr. Bleichner and Chestnut Cambronne PA is detailed in the firm resume attached as **Exhibit B**.

### *Jeff Ostrow, Kopelowitz Ostrow, P.A.*

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. and has been practicing law for 27 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in approximately 100 pending data breach cases. Three notable cases in which he is part of the leadership structure, all among the largest currently pending, include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals, where he is Co-Lead Counsel for Plaintiffs; *Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), an MDL involving six million individuals, where he is MDL Co-Lead Counsel; and *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.), affecting eleven million people, where he is on the Plaintiffs' Executive Committee.

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class

Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, Kopelowitz Ostrow P.A. is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, United States District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill

to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

      Mr. Ostrow has worked cohesively with Plaintiffs' counsel in other cases. He is confident that this proposed leadership structure will result in an excellent recovery for all clients and class members. Additional information regarding Mr. Ostrow and his firm is detailed in the firm resume attached as **Exhibit C.**

      **C.**    **Proposed Interim Class Counsel's Knowledge of Applicable Law.**

      The third Rule 23(g)(1)(A) factor, "counsel's knowledge of the applicable law," also favors appointing Proposed Interim Class Counsel. Proposed Interim Class Counsel are knowledgeable and familiar with the legal claims and statutes at issue. Each of these firms regularly litigates cases involving complex litigation, including data breach cases. Further, as discussed above, Proposed Interim Class Counsel extensively researched the claims at issue before filing their actions. Given their vast experience, Proposed Interim Class Counsel are also equally knowledgeable regarding the discovery and expert needs for the instant case, and are prepared to defend against and refute the multiple affirmative defenses expected to be raised by Defendant. Perhaps most importantly, Proposed Interim Class Counsel are seasoned class action litigators who are well-versed in the nuances of the class action vehicle and Rule 23 in particular.

      **D.**    **Proposed Interim Co-Lead Class Counsel Have and Will Commit All Necessary Resources to Representing Class.**

      Counsel responsible for prosecuting Plaintiffs' claims must be able to dedicate very significant resources to advance the claims of the proposed Classes. See Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed Interim Co-Lead Counsel have demonstrated their collective will and

ability to dedicate the necessary resources to ensure a substantial and sustainable case on behalf of the putative Class. As described in detail above, Proposed Interim Co-Lead Counsel have thoroughly investigated, developed, and gathered evidence in support of Plaintiffs' claims against Defendant, and have already invested and committed significant resources to prosecute this important case. Proposed Interim Co-Lead Counsel are hard-working, organized, and effective. They have taken many cases from inception to conclusion (both together and separately), advancing all litigation costs, and will do so here. Moving forward, Proposed Interim Co-Lead Counsel will continue to staff this action with knowledgeable and experienced attorneys, including with the members of the Executive Committee, supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct discovery, work with experts, and assist in trial preparation. Proposed Interim Co-Lead Counsel will continue their commitment of resources and efforts to the eventual consolidated action, just as they have in other, successful litigation. Moreover, Proposed Interim Co-Lead Counsel's decades of accomplished litigation in cases like this one evidence a proven history of dedicating all resources necessary to effectively litigate the claims they allege. In the aggregate, Proposed Interim Co-Lead Counsel will put forth substantial resources to vigorously advocate for the interests of the putative Class, just as they have done in prior data breach cases. Finally, it is important to note that Proposed Interim Co-Lead Counsel will make every effort to effectively and efficiently staff the litigation in a manner that will avoid unnecessary duplication of effort.

## IV.    CONCLUSION

To promote efficiency and judicial economy, and to avoid unnecessary costs and undue delay, Plaintiffs respectfully request that the Court enter the proposed order submitted herewith (1) consolidating the six above-captioned Related Actions, (2) appointing Mason A. Barney of Siri

& Glimstad LLP, Bryan Bleichner of Chestnut Cambronne, P.A., and Jeff Ostrow of Kopelowitz

Ostrow, P.A. as Interim Co-Lead Class Counsel, and Daniel Srourian of Srourian Law Firm, P.C.[2]

and Brooke Murphy of Murphy Law Firm[3] as members of the Executive Committee, pursuant to

Fed. R. Civ. P. 23(g); and (3) for all other relief this Court may deem just and proper.

Dated: May 1, 2024.                              Respectfully submitted,

*/s/ David E. Bauer*
David E. Bauer, Maine Bar No. 3609
443 Saint John Street
Portland, Maine 04102
(207) 804-6296
David.edward.bauer@gmail.com

Mason A. Barney*
Tyler J. Bean*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
mbarney@sirillp.com
tbean@sirillp.com

*Counsel for Plaintiff Tonya Gambino and the
Putative Class*

Bryan L. Bleichner*
Philip J. Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612)-336-2940
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

*Counsel for Plaintiff Michael Meyerson and the
Putative Class*

Jeff Ostrow*

---

[2] Mr. Srourian's Firm Resume is also attached hereto as **Exhibit D**.
[3] Ms. Murphy's Firm Resume is also attached hereto as **Exhibit E**.

20

**KOPELOWITZ OSTROW P.A.**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301
Phone:  954-525-4100
ostrow@kolawyers.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
866.252.0878
gklinger@milberg.com

*Counsel for Plaintiff Laura Russell and the Putative
Class*

Daniel Srourian, Esq.*
**SROURIAN LAW FIRM, P.C.**
3435 Wilshire Blvd., Suite 1710
Los Angeles, California 90010
Telephone: (213) 474-3800
Facsimile: (213) 471-4160
Email:  daniel@slfla.com

*Counsel for Plaintiff Robert Hickman and the
Putative Class*

A. Brooke Murphy*
**MURPHY LAW FIRM**
4116 Wills Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989
abm@murphylegalfirm.com

*Counsel for Plaintiff Demel-Duff and the Putative
Class*

*\*pro hac vice* forthcoming

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney of record hereby certifies that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: May __, 2024.                                         */s/*_____

22