# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation | Lead Case No. 2:24-cv-00146-JAW |

# PRELIMINARY APPROVAL ORDER

WHEREAS, this Action[1] is a consolidated putative class action before this Court;

WHEREAS, Plaintiffs, individually, and on behalf of the proposed Settlement Class, and Defendants, Berry, Dunn, McNeil & Parker LLC ("BerryDunn") and ZZ Enterprises LLC d/b/a Reliable Networks ("Reliable"), have entered into the Settlement Agreement, which is subject to review and approval by the Court under Federal Rule of Civil Procedure 23, and which, together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against Defendants should the Court grant Final Approval of the Settlement;

WHEREAS, Plaintiffs filed an unopposed motion requesting entry of an order to: (1) conditionally certify the Settlement Class; (2) appoint the plaintiffs identified in paragraph 29 of the Agreement as Class Representatives; (3) appoint Jeff Ostrow, Mason Barney, and Bryan Bleichner as Class Counsel; (4) preliminarily approve the Settlement; (5) approve the Notice Program and Notices and direct that Notice be sent to the Settlement Class members; (6) approve the Claim Form and Claims process; (7) order the Settlement's opt-out and objection procedures; (8) appoint the Settlement Administrator; (9) stay all deadlines in the Action pending Final Approval of the Settlement; (10) enjoin and bar all members of the Settlement Class from initiating

---

[1] The capitalized terms herein have the same meanings as those defined in Section II of the Settlement Agreement, attached to the Motion for Preliminary Approval as Exhibit A.

or continuing in any litigation or asserting any claims against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (11) set a date for the Final Approval Hearing; and

WHEREAS, the Court having reviewed the Motion along with the Settlement and its exhibits and finding that substantial and efficient grounds exist for entering this Preliminary Approval Order granting the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement Class Certification:** Pursuant to Federal Rules of Civil Procedure Rules 23(a), 23(b)(3) and (e), and for purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

> All persons in the United States whose Private Information was potentially accessible as a result of the Data Security Incident, including those who were sent a notification from Defendant BerryDunn that their Private Information was potentially accessible as a result of the Data Security Incident.

Excluded from the Settlement Class are: (a) all persons who are governing board members of the Defendants; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff.

2. **Settlement Fund:** The Settlement provides for a non-reversionary $7,250,000.00 cash Settlement Fund for the benefit of the Settlement Class that Defendants shall collectively cause to be paid under the Settlement. Defendant BerryDunn shall pay or cause to be paid $6,325,000.00 and Defendant Reliable shall pay or cause to be paid $925,000.00. The Settlement Fund will be used to pay all Settlement Class Member Benefits; Settlement Administration Costs; any Court-approved attorneys' fees and costs to Class Counsel; and any Court-approved Service Awards to Plaintiffs for serving as Class Representatives. The Settlement Fund will be created and funded subject to the terms of the Settlement.

3. Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

> (A) the class representatives and class counsel have adequately represented the Settlement Class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>   (i) the costs, risks, and delay of trial and appeal;
>   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>   (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>   (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4. **<u>Settlement Class Findings:</u>** The Court finds, for purposes of the Settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and that the Court will likely certify at the Final Approval stage a Settlement Class.

5. As to Rule 23(a), the Court finds that, for purposes of the Settlement only: (a) the number of Settlement Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Class Representatives are typical of the claims of the Settlement Class; and (d) the proposed Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.

6. As to Rule 23(b)(3), the Court finds that, for purposes of the Settlement only, questions of law and fact common to the Settlement Class predominate over any questions affecting individual members. Also, a class action is superior to other available methods for fairly

and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class members to individually control the prosecution of separate actions; (ii) the Parties are not aware of any litigation concerning the controversy already begun by Settlement Class members other than the proposed Class Representatives; (iii) the small value of the claims of many of the individual Settlement Class members making the pursuit of individual actions cost prohibitive for most Settlement Class members; and (iv) the similarity of the Settlement Class members' claims. *See* Fed. R. Civ. P. 23(b)(3).

7. **Appointment of Class Representatives and Class Counsel:** The Court hereby finds and concludes pursuant to Fed. R. Civ. P. 23(a)(4), and for purposes of the Settlement only, that Plaintiffs are adequate class representatives and appoints them as Class Representatives for the Settlement Class.

8. In appointing class counsel, Federal Rule of Civil Procedure 23(g) requires the Court to consider (1) the work counsel have done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) counsel's knowledge of applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The Court finds that proposed Class Counsel and their law firms have expended a reasonable amount of time, effort, and expense investigating the Data Security Incident. It is clear from their track records of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class action practice. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court appoints the following as Class Counsel to act on behalf of the Settlement Class and the Class Representatives with respect to the

Settlement: Jeff Ostrow, Mason Barney, and Bryan Bleichner.

9. **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, as being fair, reasonable, and adequate, and in the best interest of the named Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Court finds the Settlement meets the considerations set forth in Rule 23(e)(2).

10. **Settlement Administrator:** Class Counsel are authorized to use Angeion Group, Inc. as the Settlement Administrator to supervise and administer the Notice Program, as well as to administer the Settlement should the Court grant Final Approval.

11. **Approval of Notice Program and Notices:** The Court approves, as to form and content, the Notice Program, including the Email Notice, Postcard Notice, and Long Form Notice, substantially in the forms attached as Exhibits to the Agreement. The Court finds that the Notice Program: (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, the terms of the Settlement, the effect of the proposed Settlement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Settlement and appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, due process, the rules of this Court, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Email Notice, Postcard Notice, and Long Form Notice, respectively, before they are emailed, mailed, or published.

12. **Claim Form and Claims Process**: The Court approves the Claim Form as set forth

in the Settlement, and the Claims process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the alternative Settlement Class Member Benefits. Should the Court grant Final Approval of the Settlement, Settlement Class Members who do not opt-out of the Settlement shall be bound by its terms even if they do not submit Claims.

13.    **<u>Dissemination of Notice and Claim Forms:</u>** The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and Defendants' counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this order or the Settlement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

14.    **<u>Opt-Outs from the Settlement Class:</u>** The Notice shall provide that any member of the Settlement Class who wishes to opt-out from the Settlement Class must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and be postmarked no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Opt-Out Period). The opt-out request must be personally signed by the Settlement Class member and contain the name, postal address, email address (if any), telephone number, a brief statement identifying membership in the Settlement Class, and a statement that indicates a request to be excluded from the Settlement Class. If submitted by mail, an opt-out request shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an opt-out request shall be deemed to have been submitted on the

shipping date reflected on the shipping label.

15. Any Settlement Class member who timely and validly opts-out from the Settlement Class shall, provided the Court grants Final Approval: (a) be excluded from the Settlement Class by Order of the Court; (b) not be a Settlement Class Member; (c) not be bound by the terms of the Settlement; and (d) have no right to the Settlement Class Member Benefits. Any Settlement Class member who does not timely and validly request to opt-out shall be bound by the terms of this Settlement.

16. **Objections to the Settlement:** The Notice shall also provide that any Settlement Class Member who does not opt-out from the Settlement Class may object to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards. Objections must be filed with the Clerk of the Court and mailed to the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted on behalf of a Settlement Class Member no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Objection Period). When submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

17. For an objection to be considered by the Court, the objection must also set forth:

    a. the objector's full name, address, email address (if any), and telephone number;

    b. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

      c.      the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling on the objector's prior objections that were issued by the trial and appellate courts in each listed case;

      d.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Approval of Attorneys' Fees, Costs and Service Awards;

      e.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

      f.      any and all agreements that relate to the objection or the process of objecting—whether written or oral—between the objector or objector's counsel and any other person or entity;

      g.      the identity of all counsel (if any) representing the objector, whether they will appear at the Final Approval Hearing;

      h.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

             i.       a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

             j.       the objector's signature (an attorney's signature is not sufficient).

18.     Class Counsel and/or Defendants' counsel may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure, and respond in writing to the objections prior to the Final Approval Hearing.

19.     Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards and, if Final Judgment is entered, shall forever be barred and foreclosed from raising such objections in this or any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof.

20.     **<u>Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards:</u>** Class Counsel intends to seek an award of up to 33.33% of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, and Service Awards for the Class Representatives of $3,000.00 each to be paid from the Settlement Fund. The Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

21.     Class Counsel shall file their Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for Attorneys' Fees, Costs, and Service Awards for the Class Representatives. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from

any Settlement Class Members (or their counsel) who object to the Settlement or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Settlement and in this order.

22. **Termination:** If the Settlement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and Defendants, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

23. **Stay:** All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement and this Preliminary Approval Order.

24. Upon the entry of this order, with the exception of Class Counsel's, Defendants' Counsel's, Defendants', and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendants and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

25. **Jurisdiction:** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

26. **Final Approval Hearing:** The Court will hold a Final Approval Hearing on **June 6, 2025, at 10:00 a.m.** The Final Approval Hearing will be conducted for the following purposes:

(a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Settlement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether an order of Final Judgment should be entered dismissing the Action on the merits and with prejudice; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

27. **Schedule:** The Court hereby sets the following schedule of events:

| Event | Date |
| --- | --- |
| **Class List shall be delivered to Settlement Administrator** | 10 days after Preliminary Approval |
| **Notice Program Begins** | 30 days after Preliminary Approval |
| **Notice Program Ends** | 60 after Notice begins |
| **Deadline to File Motion for Final Approval, and Application for Attorneys' Fees , Costs, and Service Award** | 45 days before initial Final Approval Hearing date |
| **Opt-Out Deadline** | 30 days before initial Final Approval Hearing date |
| **Objection Deadline** | 30 days before initial Final Approval Hearing date |
| **Deadline to Respond to Objections** | 15 days before initial Final Approval Hearing date |
| **Deadline to Submit Claim Forms** | 15 days before initial Final Approval Hearing date |

| Final Approval Hearing | June 6, 2025, at 10:00a.m. |

SO ORDERED this 12th day of December 2024.

                                                        /s/ John A. Woodcock, Jr.
                                                        UNITED STATES DISTRICT JUDGE