UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TONYA GAMBINO, et al.,  )<br>  )<br>      Plaintiffs,  )<br>  )<br>  v.  )<br>  )<br>BERRY DUNN MCNEIL & PARKER, )<br>LLC, et al.,  )<br>  )<br>      Defendants.  ) | No. 2:24-cv-00146-JAW |

**FINAL APPROVAL ORDER**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (ECF No. 79);

WHEREAS, on December 12, 2024, the Court entered its Order granting Preliminary Approval of the Settlement, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Bryan Bleichner of Chestnut Cambronne, P.A., Mason Barney of Siri & Glimstad LLP, and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim process and Claim Form; and (7) set the Final Approval Hearing date (D.E. 71);

WHEREAS, thereafter, Notice was provided to approximately 90% of the 2,204,639 Settlement Class members in accordance with the Court's Preliminary Approval Order by Postcard Notice and Long Form Notice. The Long Form notice was also made available to Settlement Class members on the Settlement Website or on

request to the Settlement Administrator;

WHEREAS, a Notice of Settlement was timely mailed to governmental entities as provided for in 28 U.S.C. § 1715;

WHEREAS, on June 6, 2025, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider settlement Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised.

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2. This Order incorporates the definitions in the Settlement Agreement and Release and all capitalized terms used in this Order have the same meanings as set forth in that Agreement, unless otherwise defined herein.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claim process is also fair, and the Claim Form is easily understandable.

4. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

5. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the Federal Rule of Civil Procedure 23(e)(2) factors, highlighted by evidence that: (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated in good faith and at arm's length among competent, experienced counsel with the assistance of a qualified mediator; (C) the Settlement relief is adequate; and (D) the Settlement treats Settlement Class Members equitably relative to each other. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

6. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that no objection(s) to the Settlement, and only 39 opt-outs, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

7. A list of the individuals who have opted-out of the Settlement is attached hereto as ***Exhibit A***. Those individuals will not be bound by the Agreement or the Releases contained therein.

8. Based on the information presented to the Court, the Claim process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

9. The distribution plan for Settlement Class Member benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

10. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the

interests of Settlement Class Members in connection with the Settlement.

11. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

12. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Settlement Agreement and this Order.

13. The appointment of Plaintiffs as Class Representatives is affirmed.

14. The appointment of Bryan Bleichner of Chestnut Cambronne, P.A., Mason Barney of Siri & Glimstad LLP, and Jeff Ostrow of Kopelowitz Ostrow P.A. as Class Counsel is affirmed.

15. The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for only the purposes of the Settlement in that: (1) the number of Settlement Class Members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class Members; (3) the claims of the settlement Class Representatives are typical of the claims of the Settlement Class Members; (4) the settlement Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes that for only the purposes of the settlement, the Settlement Class is ascertainable, based on their objective criteria.

16. Therefore, the Court finally certifies the following Settlement Class:

> All persons in the United States whose Private Information was potentially accessible as a result of the Data Security Incident, including those who were sent notification from Defendant BerryDunn that their Private Information was potentially accessible as a result of the Data Security Incident.

Excluded from the Settlement Class are (a) all persons who are governing board members of Defendants; (b) governmental entities; and (c) the Court, the Court's immediate family, and Court staff.

17. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits.

18. As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties hereby fully and irrevocably release and forever discharge the Released Parties from the Released Claims.

19. In consideration for this Agreement and the consideration set forth herein, Plaintiffs and Settlement Class Members and Releasing Parties acknowledge that the Releases and the release herein include potential claims and costs that may not be known or suspected to exist, and that Plaintiff and the Settlement Class Members hereby agree that all rights under California Civil Codes § 1798.100 *et seq.*, § 17200 *et seq.*, and/or § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

20. If, consistent with the plan of distribution set forth in the Settlement, there are funds remaining in the Settlement Fund 45 days following the 180-day period for Settlement Class Members to select the form of electronic payment, following payment of Settlement Class Member Payments, any residual funds shall be distributed to Electronic Privacy Information Center (www.epic.org), which the Court approves as the *cy pres* recipient.

21. Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel is awarded $2,416,666.66 for attorneys' fees and $9,272.33 for costs. These payments

shall be made out of the Settlement Fund in accordance with the Agreement. The Court evaluated settlement Class Counsel's request using a constructive common fund analysis applying First Circuit precedent in *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995), and concludes that amount is within the range of reason under the factors listed in *Mongue v. Wheatleigh Corp.*, No. 3:18-cv-30095-KAR, 2024 U.S. Dist. LEXIS 69928, at *13 (D. Mass. Apr. 16, 2024).

22. The Class Representatives shall be awarded Service Awards in the amount of $3,000.00 each. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

23. Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

24. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

25. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be

used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

26. With the exception of those listed on *Exhibit A*, all Settlement Class Members shall be bound by this Order.

27. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2025